1  JON E. MAKI, Cal. Bar No. 199958
   Law Office of Jon E. Maki
2  4135 Calle Isabelino
   San Diego, California 92130
3  Telephone:  858-876-2580
   Facsimile:  858-876-1915
4  Email: jonmaki.esq@gmail.com

5  Attorney for Plaintiff SMART BLOCKS, INC.

6

7

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11
   SMART BLOCKS, INC., a California      CASE NO. '10 CV 1989 WQH      JMA
12 corporation,
                                         **COMPLAINT FOR DECLARATORY
13            Plaintiff,                  AND INJUNCTIVE RELIEF**

14       v.

15 LEGO JURIS A/S, a foreign corporation,

16            Defendant.                  **DEMAND FOR JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

# I.

# INTRODUCTION

1.     Plaintiff Smart Blocks, Inc. ("Plaintiff" or "Smart Blocks") seeks a declaratory judgment that the importation and sale of its Smarcks Smart Blocks® products, packaging, containers or container lids do not infringe any valid trademarks of Defendant Lego Juris A/S Corporation ("Defendant" or "Lego Juris A/S"), including but not limited to U.S. Trademark Registration No. 2273314.  Plaintiff further seeks a declaratory judgment that Defendant's U.S. Trademark Registration No. 2273314 is invalid and/or subject to cancellation.  Plaintiff further seeks a declaratory judgment requiring Defendant to provide the United States Customs Service ("Customs") with consent to importation and delivery to Plaintiff of its Smarcks Smart Blocks® products which are presently detained by Customs.  Without the injunctive and declaratory relief requested, Smart Blocks will be irreparably harmed by Defendant's improper assertion of its trademark rights and the subsequent detention of Smart Blocks' products.  Defendant's conduct will result in Plaintiff's inability to complete orders, particularly during the critical upcoming holiday season, and causing substantial injury to its business reputation and goodwill and the loss of customers and revenue.

# II.

# JURISDICTION AND VENUE

2.     This Southern District of California has subject matter jurisdiction over this matter as it involves a declaration regarding trademark rights arising under federal law, namely 15 U.S.C. § 1127 *et seq.*

3.     This action seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201.  It presents an actual case or controversy under Article

-1-

1  III of the United States Constitution and serves the essential purpose of clarifying and

2  settling the legal rights at issue.  This Court has supplemental jurisdiction for claims

3  brought under California Business and Professions Code § 17200 *et seq.*

4

5          4.      This Court has personal jurisdiction over the defendant in this action

6  and venue is proper because, as alleged below, defendant has engaged in systematic and

7  continuous substantial business or alternatively, there are sufficient minimum contacts

8  with this forum relating to defendant's conduct alleged herein, and the harm caused to

9  plaintiff by the acts and omissions of the defendant was targeted at and designed to impact

10 plaintiff, which has its principal place of business in this judicial district.

11

12                              **III.**

13                        **PARTY ALLEGATIONS**

14

15         5.      Plaintiff Smart Blocks is a California corporation with its principal

16 place of business located at 1418 Via Del Corvo, San Marcos, California 92078.

17

18         6.      On information and belief, defendant Lego Juris A/S is a corporation

19 incorporated under the laws of Denmark, having its principle office in Billund, Denmark.

20 On information and belief, defendant Lego Juris A/S is a holding company which owns all

21 U.S. trademarks used in connection with the LEGO® brand of construction toys.  On

22 information and belief, defendant Lego Juris A/S is part of a privately owned company

23 called the Lego Group which constitutes the world's fifth-largest manufacturer of toys.  On

24 information and belief, defendant Lego Juris A/S has actively sought business from and

25 conducted business with California consumers residing in this District, including but not

26 limited to, business related directly to the alleged trademark rights at issue in this lawsuit.

27

28

-2-

# IV.

## GENERAL ALLEGATIONS

7.      Founded in 2007, Smart Blocks, and its CEO inventor Scott Seligman, engineered educational functions into sets of building blocks called Smarcks Smart Blocks®.  The blocks come in seven colors representing their various themes, such as music, ABCs, nursery rhymes and math, and they encourage problem solving as well as creativity.  Smarcks Smart Blocks® have six internal pins that are depressed by different formations on the tops of the other blocks allowing them to recognize the blocks they are stacked on and teach lessons to children.

8.      Mr. Seligman has spent more than three years developing Smarcks Smart Blocks® in his spare time such as evenings, weekends and vacations, committing thousands of hours to developing and testing prototypes, refining and engineering the educational toys, working with a San Diego area merchant for the electronics and arranging for overseas production and delivery into the United States.  Smart Blocks and Mr. Seligman have expended substantial time and money to protect the intellectual property associated with Smarcks Smart Blocks® including filing a patent application (pending) and registering a trademark (U.S. Trademark Registration No. 3800012) for the product(s).  Smart Blocks and Mr. Seligman has also devoted substantial time and resources into marketing Smarcks Smart Blocks®, enlisting a high end San Diego area web designer to build Smart Blocks' website, http://www.talkingbuildingblocks.com, and other advertising in advance of their scheduled August 9, 2010 launch date.

9.      In sum, Mr. Seligman has invested his life savings, approximately $300,000, into creating Smarcks Smart Blocks® and launching his company Smart Blocks, Inc., all while working a full-time job and supporting his wife and family of four children.  Mr. Seligman's entire investment in Smart Blocks, indeed the company itself and any local

1  jobs it could create, is in jeopardy as a result of Defendant's improperly asserted trademark

2  rights and Customs' detention of the first major shipment of Smarcks Smart Blocks®

3  products in the U.S.

4

5        10.    On or about July 29, 2010, Smart Blocks was set to receive a

6  shipment of approximately $200,000 worth of Smarcks Smart Blocks® products ("the

7  Shipment") at Customs Port 2704 in Los Angeles/Long Beach. Shortly thereafter, Smart

8  Blocks was informed by Customs that the Shipment would be temporarily detained in

9  order to x-ray the contents of the shipment. Smart Blocks was informed on August 2 that

10  the shipment passed the x-ray scan; the Shipment was then to be released for delivery to

11  Plaintiff.

12

13        11.    On or about August 5, 2010, Smart Blocks was informed by Customs

14  that the Shipment would be detained longer to be opened and inspected. Upon completion

15  of the inspection, Smart Blocks' shipment was to be released for delivery. On information

16  and belief, the inspection took place on or about August 9, 2010.

17

18        12.    After the inspection, Smart Blocks was informed on or about

19  August 13, 2010 that the Shipment would be indefinitely detained because, as a Customs

20  official stated, "there is a trademark issue with Lego." Smart Blocks has not received a

21  formal notice of seizure from Customs and has not filed a protest or petition with Customs

22  or a complaint in the Court of International Trade.

23

24        13.    Throughout the rest of August and early September 2010, Smart

25  Blocks and/or its counsel has contacted Customs officials in both Los Angeles and

26  Washington D.C. unsuccessfully seeking resolution of the indefinite detention. Smart

27  Blocks has also contacted federal elected officials from California seeking assistance with

28  the situation without response or resolution.

-4-

14.     The Shipment remains indefinitely detained by Customs.  As a result, Smart Blocks sits in limbo without access to its non-infringing product and without a vehicle or remedy to get that product released.

15.     Plaintiff has pushed back the release date for Smarcks Smart Blocks'® (originally scheduled for August 9, 2010) multiple times causing damage to its business reputation and goodwill.  Smart Blocks has also been forced to pay thousands of dollars for the detention and storage of the Shipment by Customs.  Plaintiff has also incurred attorneys' fees attempting to get its lawful, non-infringing product out of Custom's detention.  Income from the initial sales of Smart Blocks was to be used to place a second order which would arrive prior to the holiday season.  The time frame which would allow for the placement of this second order has now been lost due to the seizure of the first shipment.  Finances needed to support the growth of the business are now being used for legal expenses relating to the seizure of the first shipment.

16.     Plaintiff presently has a very limited supply of Smarcks Smart Block$^{s®}$ on hand to fulfill orders.  Any further delay in receiving the Shipment will result in Smart Blocks inability to complete additional orders, resulting in loss of customers and revenue and further injury to its business reputation and goodwill.  In short, further delay in receiving the Shipment will likely result in Smart Blocks' bankruptcy or similar financial demise.  Consequently, Smart Blocks was forced to file this action seeking a determination of its legal rights vis-à-vis Defendant's alleged trademark rights.

17.     On information and belief, Lego Juris A/S is the owner by assignment of U.S. Trademark Registration No. 2273314.  A copy of U.S. Trademark Registration No. 2273314 is attached as Exhibit 1 and incorporated by reference.

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

1        18.     On information and belief, defendant Lego Juris A/S has recorded

2   U.S. Trademark Registration No. 2273314 with Customs.  A copy of the Customs

3   Recordation Number TMK 02-0005 relating to U.S. Trademark Registration No. 2273314

4   is attached as Exhibit 2 and incorporated by reference.  On information and belief,

5   Customs Recordation Number TMK 02-0005 for U.S. Trademark Registration

6   No. 2273314 forms the basis for Customs detention of the Shipment.  On information and

7   belief, defendant Lego Juris A/S has recorded several other marks with Customs as set

8   forth in Exhibit 3 attached hereto and incorporated by reference.

9

10       19.     On or about September 14, 2010, Smart Blocks through its counsel

11   contacted Lego Juris A/S's counsel seeking consent to the importation of the Shipment.

12   Smart Blocks did not receive the requested consent from Defendant or its counsel.  Instead,

13   Lego Juris A/S's counsel sought additional information about the Shipment.

14

15       20.     On or about September 20, 2010, Smart Blocks through its counsel

16   provided the requested information to Lego Juris A/S and again requested that the

17   defendant consent to the importation and delivery of the Shipment.

18

19       21.     Defendant has not consented to the delivery of the Shipment to

20   Plaintiff.  Defendant has also not declared or otherwise indicated that Plaintiff's Smart

21   Blocks® products, packaging, containers or container lids do not infringe U.S. Trademark

22   Registration No. 2273314 or any other of Defendant's alleged trademarks recorded with

23   Customs.

24

25       22.     On information and belief, Customs is now detaining the Shipment

26   allegedly on the grounds that it infringes Defendant's U.S. Trademark Registration

27   No. 2273314 or another of Defendant's alleged trademarks.

28

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

1      23.    The description of Defendant's U.S. Trademark Registration

2  No. 2273314 mark "consists of a cylindrical surface feature and is not the configuration of

3  entire product or packaging." Defendant's U.S. Trademark Registration No. 2273314, and

4  application Serial No. 75281464 from which it arose, describes the use of a repeating

5  cylindrical stud design on the lid of box or container and specifically acknowledges a

6  particular flat, round shape of those studs. During the prosecution of that same

7  application, Defendant claimed secondary meaning of the mark resulting from public's

8  recognition of the repeating cylindrical design of those flat, round shaped studs. On

9  information and belief, Defendant's U.S. Trademark Registration No. 2273314 is limited

10  to the design of the lid of the box or container for Lego® bricks or toys.

11

12      24.    Smarcks Smart Blocks® packaging, containers and/or container lids

13  do not use a repeating cylindrical stud design and do not consist of the particular flat,

14  round shape of the studs shown in U.S. Trademark Registration No. 2273314, application

15  Serial No. 75281464, and/or the specimens embodying the alleged trademark therein. An

16  image of the Smarcks Smart Blocks® 70 Piece Building Set container taken from

17  Plaintiff's website is attached as Exhibit 4 and incorporated by reference. Actual product

18  samples from the Shipment are not presently available for reproduction due to Customs'

19  detention.

20

21      25.    Plaintiff vehemently denies that its Smarcks Smart Blocks®

22  packaging, containers or container lids in the Shipment are confusingly similar to, create a

23  false designation of origin, or otherwise infringe any of Defendant's trademarks, including

24  but not limited to, U.S. Trademark Registration No. 2273314.

25

26      26.    In each of the other alleged marks Defendant appears to have recorded

27  with Customs, a word mark forms at least a portion of the overall mark (see Exhibit 3).

28  Smarcks Smart Blocks® products, packaging, containers and/or container lids do not use

-7-

1  the terms LEGO, DUPLO, BIONICAL, or MINDSTORMS and therefore do not infringe

2  any of the other alleged marks Defendants appear to have recorded with Customs.

3

4          27.     Plaintiff also sells its products in packages of three Smarcks Smart

5  Blocks® including: Math Blocks, Color Blocks Pink Purple Orange (PPO), Color Blocks

6  Red Green Yellow (RGY), Music Blocks, Counting, Shape, & ABC Blocks, and Nursery

7  Rhyme Blocks.  Images of each of these products taken from Plaintiff's website are

8  attached as Exhibit 5 and incorporated by reference.

9

10         28.     As seen in Exhibit 5, when sold as a group of three Smarcks Smart

11  Blocks®, the blocks are packaged in a clear plastic container with cardboard backing.

12  They are not housed in a container like the 70 Piece Building Set container.

13

14         29.     On information and belief, Defendant alleges that Plaintiff's Smarcks

15  Smart Blocks® themselves infringe U.S. Trademark Registration No. 2273314.

16

17         30.     To the extent that Defendant contends that the individually packaged

18  group of three Smarcks Smart Blocks® infringes U.S. Trademark Registration

19  No. 2273314, Plaintiff seeks a declaration that individually packaged group of three

20  Smarcks Smart Blocks® does not infringe U.S. Trademark Registration No. 2273314.

21

22         31.     As noted above, Defendant's U.S. Trademark Registration No.

23  2273314 is limited to the design of the lid of the box or container.  The description of

24  Defendant's U.S. Trademark Registration No. 2273314 mark "consists of a cylindrical

25  surface feature and is not the configuration of entire product or packaging."  The

26  individually packaged group of three Smarcks Smart Blocks® is the configuration of the

27  entire product as displayed and packaged.

28

-8-

32.    Defendant has also made limiting statements to the U.S. Patent and Trademark Office examining attorney concerning U.S. Trademark Registration No. 2273314 and the application from which it arose, Serial No. 75281464.  Those statements include characterizing the application's specimen(s) as a lid of a bucket container, describing the design of the lid as non-functional or anti-functional, and detailing the use of a repeating flat, round shape of the cylindrical stud design on the lid of the container. Lego Juris A/S cannot disavow the positions taken or attempt to reclaim scope disclaimed before the U.S. Patent and Trademark Office in order to assert infringement against the Smarcks Smart Blocks® themselves.

33.    Smart Blocks needs a declaration of its legal rights, specifically that Smarcks Smart Blocks® products, packaging, containers or container lids do not infringe U.S. Trademark Registration No. 2273314 or any other of Defendant's trademarks recorded with Customs, to avoid further damage to its business reputation and goodwill and loss of customers, sales and revenue as a result of Defendant's conduct and the resulting indefinite detention of the Shipment under the guise of alleged trademark infringement.

34.    To the extent Defendant alleges Plaintiff's Smarcks Smart Blocks® themselves infringe U.S. Trademark Registration No. 2273314, Plaintiff also seeks a declaration that the mark is invalid and/or should be cancelled on the grounds that the cylindrical surface features on the bricks or blocks themselves are functional and therefore not capable of trademark protection.

35.    On information and belief, U.S. Trademark Registration No. 2273314 is invalid and/or should be cancelled for having become generic for or synonymous with the general class of products, packaging, containers or container lids for interlocking building blocks because Defendant has allowed numerous competitors to use the same or

-9-

1  substantially similar products, packaging, containers or container lids having cylindrical

2  surface features that are not the configuration of the entire product or packaging.  Plaintiff

3  cannot infringe a mark that is invalid or cancelled as generic and seeks release of the

4  Shipment on that basis following such a declaratory judgment.

5

6      36.    Plaintiff also seeks injunctive relief under federal and California

7  unfair competition statutes to the extent that Defendant alleges Plaintiff's Smarcks Smart

8  Blocks® themselves infringe U.S. Trademark Registration No. 2273314.  Defendant's

9  conduct constitutes unfair competition to the extent that it perpetuates Customs' detention

10  of Smarcks Smart Blocks® on a basis that Lego Juris A/S knows not to be protectable or

11  within the scope of the alleged trademark.

12

13      37.    Defendant knows or should know that the protection allegedly

14  afforded by U.S. Trademark Registration No. 2273314 cannot extend to Plaintiff's

15  Smarcks Smart Blocks® themselves.  On information and belief, Defendants recorded U.S.

16  Trademark Registration No. 2273314 with Customs in a manner that would necessarily

17  result in lawful, non-infringing goods such as Plaintiff's Smarcks Smart Blocks® being

18  detained.  Defendant's knowing, willful, malicious and oppressive attempt to exclude

19  Plaintiff's non-infringing goods constitutes unfair competition.

20

21

22                    **FIRST CAUSE OF ACTION**

23                 **[Declaratory Relief of Non-Infringement]**

24

25      38.    Smart Blocks hereby incorporates by reference the allegations of

26  paragraphs 1-32, inclusive, set forth above.

27

28

-10-

1       39.    On information and belief, Defendant is the owner by assignment of

2  U.S. Trademark Registration No. 2273314 (Exhibit 1).

3

4       40.    On information and belief, Defendant has recorded U.S. Trademark

5  Registration No. 2273314 with Customs as Customs Recordation Number TMK 02-0005

6  (Exhibit 2).  On information and belief, Defendant has recorded several other alleged

7  marks with Customs as set forth in Exhibit 3.

8

9       41.    Plaintiff has not infringed upon any of the alleged trademark rights of

10  Defendant and/or Defendant does not possess such trademark rights.

11

12       42.    Defendant has refused to consent to the importation and delivery of

13  the Shipment to Plaintiff.  Defendant has further refused to acknowledge that Smarcks

14  Smart Blocks® do not infringe Defendant's alleged trademarks.  On information and belief,

15  Defendant, by its refusals, contends that Plaintiff infringes its trademark rights.  As a

16  result, Customs has enforced Defendant's alleged trademark right in the detention of the

17  Shipment.

18

19       43.    Defendant's conduct has created a real and reasonable apprehension of

20  liability on the part of the Plaintiff and has damaged Plaintiff by preventing its receipt and

21  sale of Smart Blocks' non-infringing products.  Plaintiff has engaged in a lawful course of

22  lawful conduct that has brought it into adversarial conflict with the defendant.

23

24       44.    Because plaintiff Smart Blocks has not infringed Defendants alleged

25  mark(s), and/or because Defendant has no rights in said mark(s), an actual case and

26  controversy exists while Plaintiff's lawful, non-infringing products remain detained by

27  Customs under the auspices of infringement of Defendant's mark(s).

28

-11-

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

45.     As such, Smart Blocks respectfully requests that, pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court exercise its equitable powers to issue declaratory relief finding that Plaintiff's Smarcks Smart Blocks® do not infringe any of Defendant's alleged trademarks.

## SECOND CLAIM FOR RELIEF

### [Declaratory Relief of Invalidity and/or Cancellation]

46.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 40 of this Complaint, as set forth above.

47.     On information and belief, Defendant is the owner by assignment of U.S. Trademark Registration No. 2273314 (Exhibit 1).

48.     Plaintiff seeks a declaration that the U.S. Trademark Registration No. 2273314 is invalid and/or should be cancelled on the grounds that the cylindrical surface features on the bricks or blocks themselves are functional and therefore not afforded trademark protection.

49.     On information and belief, U.S. Trademark Registration No. 2273314 become generic for or synonymous with the general class of products, packaging, containers or container lids for interlocking building blocks because Defendant has allowed numerous competitors to use the same or substantially similar products, packaging, containers or container lids having cylindrical surface features that are not the configuration of the entire product or packaging.

50.     For those reasons, Plaintiff requests cancellation and/or a declaration that U.S. Trademark Registration No. 2273314 is invalid.

-12-

51.     On information and belief, Defendant contends that its alleged mark is not functional and/or has not become generic, as evidenced by its recordation of U.S. Trademark Registration No. 2273314 with Customs, its refusal to consent to the importation and delivery of the Shipment to Plaintiff and its refusal to acknowledge that Smarcks Smart Blocks® do not infringe Defendant's alleged trademarks.

52.     On information and belief, Defendant further alleges Plaintiff's Smarcks Smart Blocks® themselves infringe U.S. Trademark Registration No. 2273314 as evidenced by Defendant's refusal to consent to the importation and delivery of the Shipment to Plaintiff and Defendant's refusal to acknowledge that Plaintiff's Smarcks Smart Blocks® do not infringe Defendant's alleged trademarks.

53.     Defendant's conduct has created a real and reasonable apprehension of liability on the part of the Plaintiff and has damaged Plaintiff by preventing its receipt and sale of Smart Blocks' non-infringing products.  Plaintiff has engaged in a lawful course of conduct that has brought it into adversarial conflict with the defendant.

54.     As such, Smart Blocks respectfully requests that, pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court exercise its equitable powers to issue declaratory relief finding that U.S. Trademark Registration No. 2273314 is invalid and/or subject to cancellation for the foregoing reasons.

55.     Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with Defendant, from accusing Plaintiff's Smarcks Smart Blocks® of infringement.

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

56. Plaintiff is also entitled to a mandatory injunction requiring Defendant to consent to importation and delivery of the Shipment in view of the declarations of non-infringement, invalidity and/or cancellation sought herein.

## THIRD CLAIM FOR RELIEF

## [Federal Unfair Competition (15 U.S.C. §1125)]

57. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 49 of this Complaint, as set forth above.

58. Defendant's conduct constitutes federal unfair competition under 15 U.S.C. § 1125.

59. On information and belief, Defendant is accusing plaintiff of infringing U.S. Trademark Registration No. 2273314 when Defendant knows or should have known U.S. Trademark Registration No. 2273314 is invalid as functional or for having become generic.

60. On information and belief, Defendant has attempted to extend the protection of U.S. Trademark Registration No. 2273314 to Plaintiff's Smarcks Smart Blocks® themselves despite the fact that defendant knows or should know that U.S. Trademark Registration No. 2273314 is invalid and/or subject to cancellation.

61. Defendants knowing, willful, malicious and oppressive attempt to exclude Plaintiff's lawful, non-infringing goods constitutes unfair competition.

-14-

62.     As a direct and proximate result of Defendant's unlawful acts as set forth above, Plaintiff has suffered and will continue to suffer injury to their business, goodwill, and property in an amount not presently known.

63.     Plaintiff has no adequate remedy at law.  Unless Defendant is preliminarily and permanently enjoined from committing these unlawful acts as set forth above, Plaintiff will continue to suffer irreparable harm.

64.     Plaintiff is entitled, pursuant to 15 U.S.C. § 1116, to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with Defendant, from engaging in any further such acts of unfair competition in violation of 35 U.S.C. § 1125.

65.     Plaintiff is also entitled, pursuant to 15 U.S.C. § 1116, to a mandatory injunction requiring Defendant to consent to importation and delivery of the Shipment in view of the declarations of non-infringement, invalidity and/or cancellation sought herein.

## FOURTH CLAIM FOR RELIEF

### [Unfair Competition And False Designation Of Origin
(California Business & Professions Code § 17200)]

66.     Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 58 of this Complaint, as set forth above.

67.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's unlawful acts have a substantial effect on commerce, and constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading

-15-

advertising in violation of Sections 17200 *et seq.*, of the California Business and

Professions Code.

68.     On information and belief, Defendant is accusing plaintiff of

infringing U.S. Trademark Registration No. 2273314 when Defendant knows or should

have known U.S. Trademark Registration No. 2273314 is invalid for having become

generic.  On information and belief, U.S. Trademark Registration No. 2273314 has

become generic for or synonymous with the general class of products, packaging,

containers or container lids for interlocking building blocks because Defendant has

allowed numerous competitors to use the same or substantially similar products,

packaging, containers or container lids having cylindrical surface features that are not the

configuration of the entire product or packaging.

69.     On information and belief, Defendant has also attempted to extend the

protection of U.S. Trademark Registration No. 2273314 to Plaintiff's Smarcks Smart

Blocks® themselves despite the fact that defendant knows or should know that U.S.

Trademark Registration No. 2273314 is invalid or subject to cancellation as functional if

applied to bricks or blocks themselves.

70.     Defendants knowing, willful, malicious and oppressive attempt to

exclude Plaintiff's lawful, non-infringing goods constitutes unfair competition.

71.     As a direct and proximate result of Defendant's unlawful acts as set

forth above, Plaintiff has suffered and will continue to suffer injury to their business,

goodwill, and property in an amount not presently known.

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

72.    Plaintiff has no adequate remedy at law.  Unless Defendant is preliminarily and permanently enjoined from committing these unlawful acts as set forth above, Plaintiff will continue to suffer irreparable harm.

73.    Plaintiff is entitled, pursuant to California Business and Professions Code 17200 *et seq.*, to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with Defendant, from engaging in any further such acts of unfair competition in violation of 17200 *et seq.*

74.    Plaintiff is also entitled, pursuant to pursuant to California Business and Professions Code 17200 *et seq.*, to a mandatory injunction requiring Defendant to consent to importation and delivery of the Shipment, particularly in view of the declarations of non-infringement, invalidity and/or cancellation sought herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Smart Blocks prays for judgment against defendant Lego Juris A/S as follows:

A.    For a declaration that Plaintiff and/or its Smarcks Smart Blocks® products, packaging, containers or container lids do not infringe U.S. Trademark Registration No. 2273314;

B.    For a declaration that Plaintiff and/or its Smarcks Smart Blocks® products, packaging, containers or container lids do not infringe any of Defendant's valid U.S. trademarks recorded with Customs;

-17-

1        C.     For a preliminary and permanent injunction restraining Defendant, its

2  officers, agents and employees, and all persons acting in concert with Defendant, from

3  accusing Plaintiff and/or its Smarcks Smart Blocks® products, packaging, containers or

4  container lids of infringement of U.S. Trademark Registration No. 2273314;

5

6        D.     For a mandatory preliminary injunction requiring Defendant to

7  consent to the importation and delivery of the Shipment to Plaintiff;

8

9        E.     For a declaration that Defendant's U.S. Trademark Registration

10  No. 2273314 is invalid and/or subject to cancellation as generic;

11

12        F.     For a declaration that Defendant's U.S. Trademark Registration

13  No. 2273314 is invalid and/or subject to cancellation as functional as applied to bricks,

14  blocks and other toys themselves, including but not limited to toy vehicles, toy figures, and

15  construction toys in Trademark International Class 28;

16

17        G.     For a declaration that Defendant's conduct as alleged herein

18  constitutes unfair competition under 15 U.S.C. §1125;

19

20        H.     For a declaration that Defendant's conduct as alleged herein

21  constitutes unfair competition under California Business and Professions Code

22  §17200 *et seq.*;

23

24        I.     For a preliminary and permanent injunction restraining Defendant, its

25  officers, agents and employees, and all persons acting in concert with Defendant, from

26  engaging in any further such acts of unfair competition in violation of 15 U.S.C. §1125

27

28

-18-

1           J.      For a preliminary and permanent injunction restraining Defendant, its

2 officers, agents and employees, and all persons acting in concert with Defendant, from

3 engaging in any further such acts of unfair competition in violation of California Business

4 and Professions Code §17200 *et seq*.;

5

6           K.      For compensatory damages sustained by Plaintiff as a result of

7 Defendant's wrongful acts;

8

9           L.      For a declaration that this an exceptional case under the Lanham Act;

10

11           M.      For an award of punitive damages for the sake of example and by way

12 of punishing Defendant pursuant to California Civil Code § 3294;

13

14           N.      For an award of Plaintiff's attorneys' fees and costs associated with

15 this litigation, including expert witness costs; and

16

17           O.      For such other and further relief as this Court deems just and proper.

18

19 Dated: September 23, 2010

20

21

22

23

24                   By       _____

25                                  JON E. MAKI

                           Attorney for Smart Blocks, Inc.

26

27

28

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

1

## **DEMAND FOR JURY TRIAL**

2

3        Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff SMART

4  BLOCKS, INC. hereby demands a trial by jury on this Complaint as to all issues that may

5  be so tried.

6

7  Dated: September 23, 2010

8

9

10

11

12                            By    _____

13                                        JON E. MAKI
                                     Attorney for Smart Blocks, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

**United States Patent and Trademark Office**

Reg. No. 2,273,314

Registered Aug. 31, 1999

## TRADEMARK
## PRINCIPAL REGISTER



KIRKBI AG (SWITZERLAND CORPORATION)
NEUHOFSTRASSE 21
CH-6340
BAAR, SWITZERLAND

FOR: TOY VEHICLES; TOY FIGURES AND CONSTRUCTION TOYS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).
FIRST USE 0-0-1961; IN COMMERCE 0-0-1961.

THE MARK CONSISTS OF A CYLINDRICAL SURFACE FEATURE AND IS NOT THE CONFIGURATION OF ENTIRE PRODUCT OR PACKAGING.

SEC. 2(F).

SER. NO. 75-281,464, FILED 4-25-1997.

SALLY SHIN, EXAMINING ATTORNEY

Exhibit 1
Page 1

**Effective Date: 9/24/2009**
**Expiration Date: 8/31/2019**

# Trademark
## Customs Recordation Number: TMK 02-00052

`◄ BACK`

| | |
|---|---|
| **Title** | DESIGN |
| **Product** | IC 028. TOY VEHICLES; TOY FIGURES AND CONSTRUCTION TOYS. |
| **Description** | DESIGN- DRAWING MARK, THE MARK CONSISTS OF A CYLINDRICAL SURFACE FEATURE |
| **Owner Name** | LEGO JURIS A/S |
| **Gray Market Importations Restricted** | NO |
| **U.S. Patent and Trademark Office Registration Number** | 2273314 |
| **Firm** | FROSS ZELNICK LEHRMAN & ZISSU |
| **Contact Name** | DAVID EHRLICH, ESQ. 866 UNITED NATIONS PLAZA AT FIRST AVE., & 48TH STREET NEW YORK, NY 10017 |
| **Phone Number** | 212-813-5900 |

9/22/2010  Intellectual Property Rights (IPR) searc...

 **U.S. Customs and Border Protection**
Securing America's Borders

DHS.gov

**PRS** INTELLECTUAL PROPERTY RIGHTS SEARCH    Keyword "lego juris"    GO    HELP | ABOUT | PRINT

Search | ALL || Title | Product | Description | Owner | Contact Name | Firm Name | Recordation No. | Agency Registration No.

Filter | Show All || Trademarks | Copyrights | Tradenames | Exclusion Orders . | | Exclude Expired | Include Expired

Results [1 - 7] of 7 records | Search took 0.31 Seconds



| Effective Expiration | Title Product | Description | Owner | Contact Name | Firm Name | Recordation No. Agency No. | Type |
|---|---|---|---|---|---|---|---|
| 11/28/2009 12/17/2012 | BIONICLE IC 025.: CLOTHING FOR CHILDREN, NAMELY, T-SHIRTS, SWEATSHIRTS, SOCKS AND HEAD WEAR; CLOTHING FOR MEN AND WOMEN, NAMELY, T-SHIRTS, SWEATSHIRTS, SOCKS AND HEAD WEAR. IC 028. CONSTRUCTION TOYS; TOY BUILDING ELEMENTS AND CONNECTING LINKS; TOY CONSTRUCTION KITS; TOY FIGURES; TOY KITS CONTAINING TOY FIGURES AND TOY CONSTRUCTION ELEMENTS FOR BUILDING HUMAN FIGURE, ANIMAL FIGURE AND ACTION FIGURE ROBOTS. | WORD MARK,BIONICLE | LEGO JURIS A/S | DAVID EHRLICH, ESQ. | FROSS, ZELNICK, LEHRMAN & ZISSU | TMK 03-00120 2664083 | Trademark |
| 11/28/2009 5/13/2017 | LEGO AND DESIGN IC 009. [ REFLECTING TAGS FOR WEAR FOR THE PREVENTION OF TRAFFIC ACCIDENTS; SUN GLASSES; ] A SERIES OF SOUVENIR TOUR VIDEO RECORDINGS; EDUCATIONAL COMPUTER PROGRAMS USED FOR TEACHING MATHEMATICS, SCIENCE AND TECHNOLOGY AND FOR USE IN THE COMPUTER-ASSISTED DESIGN OF TOY MODELS AND STRUCTURES; COMPUTER ACCESSORIES, NAMELY, COMPUTER CABLES, INTERFACE BOXES USED TO CONNECT MODEL ROBOTS, MODEL VEHICLES OR | WORD MARK AND DESIGN, LEGO AND DESIGN, DRAWING MARK, THE COLOR(S) RED AND YELLOW IS/ARE CLAIMED AS A FEATURE OF THE MARK. THE COLOR BLACK APPEARS IN THE OUTLINE OF THE SQUARE BACKGROUND AND THE INNER OUTLINE OF THE WORD LEGO. THE COLOR WHITE APPEARS IN THE WORD LEGO. THE COLOR YELLOW APPEARS IN THE OUTER OUTLINE OF THE WORD LEGO. THE COLOR RED APPEARS IN THE SQUARE BACKGROUND. | LEGO JURIS A/S | DAVID EHRLICH, ESQ. | FROSS ZELNICK LEHRMAN & ZISSU | TMK 02-00050 2060284 | Trademark |

OTHER MOTORIZED BUILDING SET CONSTRUCTIONS TO A COMPUTER, THROUGH WHICH THE COMPUTER OPERATOR CONTROLS THEM, [ AND SLOT CARDS USED TO ADAPT A COMPUTER THEREFOR ] IC 014. WATCHES; CLOCKS; JEWELRY; [ CUFF-LINKS ]; ORNAMENTAL PINS; ORNAMENTAL LAPEL PINS IC 028. PLUSH TOYS, [ TOY WINDMILLS AND TOY MOBILES ]; CONSTRUCTION TOYS AND BLOCKS; TOY FIGURES; TOY FURNITURE; [ TOY SCREWDRIVERS FOR ASSEMBLING CONSTRUCTION TOYS; ] BASE PLATES AND SIMULATED ROAD PLATES FOR CONSTRUCTION TOYS; TOY VEHICLES; TOY MODEL TRAIN SETS; [ PUZZLES; ] TOY FRICTION MOTORS FOR TOY VEHICLES; TOY ELECTRIC MOTORS; CHILDREN'S MULTIPLE ACTIVITY TOYS; EDUCATIONAL PLASTIC BLOCKS WITH NUMBERS OR GEOMETRIC SHAPES; EDUCATIONAL CONSTRUCTION TOY SETS COMPRISING GEARS, PULLEYS, BEAMS, WHEELS, CONNECTORS, ELECTRIC MOTORS, SENSORS, AND/OR PNEUMATIC CYLINDERS; COMPUTER GAME SOFTWARE; CHRISTMAS TREE DECORATIONS

| | | | | | | |
|---|---|---|---|---|---|---|
| **11/13/2009** 12/9/2015 | LEGO IC 028. TOY BUILDING BLOCKS AND CONNECTING LINKS FOR THE SAME, SOLD SEPARATELY AND AS KITS FOR CONSTRUCTION OF TOY HOUSES, BUILDINGS, HOUSEHOLD FURNISHINGS, ROBOTS, DOLL FIGURES AND VEHICULAR TOYS. | LEGO, WITH DESIGN, WORD MARK, & DESIGN | LEGO JURIS A/S | DAVID EHRLICH, ESQ. | FROSS, ZELNICK LEHRMAN & ZISSU , P.C. | **TMK 96-00221** 1026871    Trademark |

9/22/2010

● Intellectual Property Rights (IPR) searc... ●

| 9/24/2009 2/23/2019 | **MINDSTORMS** IC 009.EDUCATIONAL COMPUTER PROGRAMS FOR DESIGNING AND REMOTELY CONTROLLING MOTORIZED TOYS. IC 028. EDUCATIONAL TOY KITS COMPRISING ALL OF THE FOLLOWING (1) TOY CONSTRUCTION BUILDING ELEMENTS, PROGRAMMABLE ON-BOARD ELECTRONIC CONTROL, MOTORS, AND SENSORS, ALL FOR BUILDING MOTORIZED TOYS, (2) COMPUTER SOFTWARE AND MANUAL FOR DESIGNING AND REMOTELY CONTROLLING MOTORIZED TOYS, (3) ELECTRONIC COMPUTER INTERFACE FOR CONTROLLING MOTORIZED TOYS, AND (4) ELECTRICAL POWER TRANSFORMER FOR MOTORIZED TOYS. | WORD MARK, MINDSTORMS | LEGO JURIS A/S | DAVID EHRLICH, ESQ. | FROSS ZELNICK LEHRMAN & ZISSU | TMK 02-00053 2226660 | Trademark |
|---|---|---|---|---|---|---|---|
| 9/24/2009 5/18/2019 | **LEGO** IC 028. CONSTRUCTION TOYS; TOY CONSTRUCTION BLOCKS AND CONNECTING LINKS THEREFOR; TOY CONSTRUCTION KITS; TOY FIGURES; TOY VEHICLES; TOY ANIMALS; TOY FOLIAGE; TOY CRANES; TOY ROAD PLATES; KITS FOR ASSEMBLING TOY CHRISTMAS TREE DECORATIONS; CHILDREN'S MULTIPLE ACTIVITY TOYS; BABY MULTIPLE ACTIVITY TOYS; TOY BUILDING BLOCKS; INFANT'S RATTLES; DOLLS; DOLL HOUSE FURNISHINGS; ACCESSORIES FOR DOLLS; PLAYSETS FOR DOLLS; PLAYSET BUILDINGS; EDUCATIONAL GAMES; TOY MODEL TRAIN SETS; TOY RAILROAD TRACKS; BATH TOYS; RIDE-ON TOYS; PUSH TOYS; | WORD MARK, LEGO | LEGO JURIS A/S | DAVID EHRLICH, ESQ. | FROSS, ZELNICK, LEHRMAN & ZISSU | TMK 01-00608 2245652 | Trademark |

Exhibit 3
Page 6

9/22/2010                Intellectual Property Rights (IPR) searc...

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | PULL TOYS; INFANT'S STACKING TOYS; TOY FURNITURE; TOY FRICTION MOTORS FOR TOY VEHICLES; TOY ELECTRIC MOTORS; BOARD GAMES; JIGSAW PUZZLES; EDUCATIONAL CONSTRUCTION TOYS SETS COMPRISING GEARS, PULLEYS, BEAMS, WHEELS, CONNECTORS, ELECTRIC MOTORS, SENSORS AND/OR PNEUMATIC CYLINDERS, WITH OR WITHOUT COMPUTER SOFTWARE FOR ASSEMBLING AND CONTROLLING THE CONSTRUCTION TOYS; CONSTRUCTION TOY SETS AND CARRYING CASES OR STORAGE CASES SOLD AS A UNIT; MOTORIZED TOY MODEL CONSTRUCTION KITS WITH OR WITHOUT REMOTE CONTROLLERS. | | | | | | |
| 9/24/2009 9/14/2012 | DUPLO IC 028. TOYS-NAMELY, BUILDING BLOCKS AND CONNECTING LINKS FOR THE SAME, SOLD SEPARATELY OR IN KITS INCLUDING TOY FURNISHINGS-NAMELY, CHAIRS, TABLES, CLOSETS, CLOCKS, DESKS, BLACKBOARDS, BELLS, GAS PUMPS, WINDMILLS, DOLL FIGURES, ANIMAL FIGURES AND VEHICULAR TOYS-NAMELY, CARS, HELICOPTERS, BOATS, TRUCKS, AIRPLANES, VANS, WAGONS AND TRACTORS; PULL TOYS, TUB TOYS. | WORD MARK; DUPLO | LEGO JURIS A/S | DAVID EHRLICH, ESQ. | FROSS ZELNICK LEHRMAN & ZISSU | TMK 03-00187 1208662 | Trademark |
| 9/24/2009 8/31/2019 | DESIGN IC 028. TOY VEHICLES; TOY FIGURES AND CONSTRUCTION TOYS. | DESIGN- DRAWING MARK, THE MARK CONSISTS OF A CYLINDRICAL SURFACE FEATURE | LEGO JURIS A/S | DAVID EHRLICH, ESQ. | FROSS ZELNICK LEHRMAN & ZISSU | TMK 02-00052 2273314 | Trademark |

Results [1 - 7] of 7 records | Search took 0.31 Seconds



Exhibit 4
Page 8



Exhibit 5
Page 9



Exhibit 5
Page 10



Exhibit 5
Page 11



Exhibit 5
Page 12



Exhibit 5
Page 13



Exhibit 5
Page 14

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SMART BLOCKS, INC.

**DEFENDANTS**

LEGO JURIS A/S CORPORATION SEP 23 AM II: 07

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Denmark (non-US)
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jon E. Maki, 4135 Calle Isabelino, San Diego, CA 92130
(858) 876-2580

Attorneys (If Known)

'10 CV 1989 WQH   JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1127 et seq. and 28 U.S.C. § 2201

Brief description of cause:
Declaratory Judgment of trademark rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  9/23/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 8380   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

9/23/10 BW



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS018380
Cashier ID: bhartman
Transaction Date: 09/23/2010
Payer Name: JOE E MAKI
-----------------------------------
CIVIL FILING FEE
 For: SMART BLOCKS V LEGO JURIS
 Case/Party: D-CAS-3-10-CV-001989-001
 Amount:        $350.00
-----------------------------------
CREDIT CARD
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```